Lotrean v 3M Co.
2026 NY Slip Op 03271
May 26, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Marinel Lotrean et al., Plaintiffs-Respondents,
v
3M Company Formerly Known as Minnesota Mining and Manufacturing, etc., et al., Defendants, E.I. Dupont De Nemours and Company, etc., et al., Defendants-Appellants.

Decided and Entered: May 26, 2026
Index No. 153361/20|Appeal No. 5138|Case No. 2024-03189|
Before: Manzanet-Daniels, J.P., Kennedy, Pitt-Burke, Rosado, Chan, JJ.

Kuchler Polk Weiner LLC, New Orleans, LA (Monique M. Weiner of the bar of the State of Louisiana, admitted pro hac vice, of counsel) for EIDP, Inc., appellant.
Segal McCambridge Singer & Mahoney, Ltd, New York (Michael B. Sena of counsel), for Rust-Oleum Corporation, appellant.
Babst Calland, Clements and Zomnir, P.C., Pittsburgh, PA (Joshua S. Snyder of the bar of the Commonwealth of Pennsylvania and the State of Ohio, admitted pro hac vice, of counsel) for ZEP, Inc., appellant.
Waters Kraus Paul & Siegel, Dallas, Texas (Susannah B. Chester-Schindler of the bar of the State of the Louisiana and State of Texas, admitted pro hac vice, of counsel) for respondents.

[*1]
Order, Supreme Court, New York County (Bannon, J.), entered on or about April 29, 2024, which, to the extent appealed from, denied the summary judgment motions of defendants E.I. du Pont de Nemours and Company, Rust-Oleum Corporation, and Zep, Inc. d/b/a Zep Manufacturing, unanimously reversed, on the law, without costs, the motions granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Defendants made a prima facie showing of entitlement to summary judgment by submitting expert affidavits and studies demonstrating that the component solvents in their products, which plaintiff Marinel Lotrean was exposed to at his father's autobody shop, are not carcinogenic. In response, plaintiffs failed to raise an issue of fact, as their experts concentrated on the relationship between exposure to benzene and the risk of developing Myelodysplastic Syndrome (MDS), rather than the relationship, if any, between exposure to solvents containing benzene as a component and MDS (see Parker v Mobil Oil Corp., 7 NY3d 434 [2006]). While one of the studies cited by plaintiffs showed that the component solvents are often contaminated by benzene, they failed to establish that the solvents in defendants' products were contaminated and, if so, in what amounts. Instead, plaintiffs' experts' opinions were based upon the unsupported assumption that all solvents are contaminated. Further, while plaintiffs' experts pointed to the Peckham study, which concluded that cancers in seven factory workers exposed to toluene was probably caused by exposure to toluene contaminated with benzene, there is no evidence that those exposures were in comparable manners, amounts, or periods of time to plaintiff's exposure. Accordingly, plaintiff failed to create a question of fact on the issue of general causation (see Parker, 7 NY3d 434; see also Nemeth v Brenntag N. Am., 38 NY3d 336 [2022]).
In determining that plaintiffs failed to create a triable issue of fact as to general causation, we need not reach the issue of specific causation (see Dyer v Amchem Prods. Inc., 207 AD3d 408, 410 [1st Dept 2022]).
We have considered plaintiffs' remaining arguments and find them unavailing.
The Decision and Order of this Court entered herein November 6, 2025 is hereby recalled and vacated (see M-2025-6620 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2026